UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILMA MONTANO-VIAFARA,
an Individual
Plaintiff,
vs.

CASE NO.:

KEVIN RAMBOSK,
in his official capacity as
SHERIFF OF COLLIER COUNTY;
JOHN DOE CORRECTIONAL
OFFICERS 1–5, in their individual
capacities; and COLLIER COUNTY,
a Political Subdivision of the
State of Florida,
Defendants.
_______________________________/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, WILMA MONTANO-VIAFARA ("Plaintiff"), by and through undersigned counsel, sues Defendants, KEVIN RAMBOSK, in his official capacity as Sheriff of Collier County ("Defendant Rambosk"), JOHN DOE CORRECTIONAL OFFICERS 1–5, in their individual capacities ("Doe Officers"), and COLLIER COUNTY ("the County"), and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil rights action brought pursuant to 42 U.S.C. § 1983 for violations of the Fourteenth Amendment to the United States Constitution, together with pendent state-law claims for negligence, arising out of injuries sustained by Plaintiff on September 28th, 2024, while he was a pretrial detainee housed at the Naples Jail Center in Collier County, Florida.

## JURISDICTION AND VENUE

2. This Court has federal-question jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this action arises under 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution.

3. This Court additionally has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2), in that this is a civil action between a citizen and subject of a foreign state and citizens of the State of Florida, and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

4. This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(a), as those claims are so related to the federal claims within this Court's original jurisdiction that they form part of the same case or controversy.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to this action occurred in Collier County, Florida, which lies within the Fort Myers Division of the Middle District of Florida.

6. Plaintiff has satisfied, or is exempt or excused from, all conditions precedent to the filing of this action.

**PARTIES**

7. At all times material hereto, Plaintiff, Wilma Montano-Viafara was and is a citizen and subject of the Republic of Colombia, and is otherwise sui juris.

8. At all times material hereto, Defendant, Kevin Rambosk was and is the duly elected Sheriff of Collier County, Florida, and is sued solely in his official capacity as the final policymaker responsible for the operation, maintenance, staffing, and supervision of the Naples Jail Center. Defendant, Kevin Rambosk is otherwise sui juris.

9. At all times material hereto, the Doe Officers were correctional officers employed by the Collier County Sheriff's Office, acting within the course and scope of their employment and under color of state law. The true names and identities of the Doe Officers are presently unknown to Plaintiff and will be substituted by amendment once ascertained through discovery.

10. At all times material hereto, the Naples Jail Center was and is a detention facility located at 3347 Tamiami Trail E., Naples, Collier County, Florida 34112, operated by the Collier County Sheriff's Office.

11. At all times material hereto, Defendant, Collier County, was and is a political subdivision of the State of Florida and the owner of the building in which the Naples Jail Center is housed, and is otherwise sui juris.

**GENERAL ALLEGATIONS**

12. Plaintiff realleges and incorporates by reference paragraphs 1 through 11 as if fully set forth herein.

13. On September 28th, 2024, Plaintiff was a pretrial detainee housed in a cell at the Naples Jail Center.

14. On that date, at a time presently unknown, Plaintiff returned to his cell following a meal.

15. Unbeknownst to Plaintiff, a pipe within or near his cell had been leaking, causing water to accumulate and pool on the cell floor.

16. Upon information and belief, the leaking pipe and resulting accumulation of standing water constituted a hazardous condition of which Defendants knew, or should have known, through the exercise of reasonable inspection, maintenance, and supervision of the facility.

17. As Plaintiff entered his cell, and without any warning of the hazard, he stepped into the pool of water and suddenly lost his footing.

18. In an instinctive attempt to brace himself and break his fall, Plaintiff extended his right hand, causing his right pinky finger to forcefully strike a nearby surface and sustain a fracture.

19. Simultaneously, Plaintiff's right leg buckled beneath him as he fell onto the hard cell floor, causing an additional fracture to his right leg.

20. Immediately following the fall, Plaintiff cried out for help and repeatedly requested medical attention, exhibiting visible and obvious pain and distress.

21. Despite Plaintiff's cries for help and visible distress, jail personnel, including the Doe Officers, did not immediately respond, and Plaintiff was left injured and in pain on the floor of his cell for a period of time before any assistance was provided.

22. Plaintiff was thereafter evaluated by medical personnel and transported for diagnostic imaging, which confirmed fractures to his right pinky finger and his right leg.

23. As a result of his injuries, Plaintiff received medical treatment and was placed in medical housing.

24. Plaintiff was subsequently taken into federal immigration custody and removed from the United States to Colombia.

25. As a direct and proximate result of Defendants' conduct described herein, Plaintiff suffered bodily injury, pain and suffering, disability, mental anguish, medical and related expenses,

and other damages, which injuries are permanent or continuing in nature, and Plaintiff will continue to suffer such losses in the future.

**COUNT I**
**42 U.S.C. § 1983 — FOURTEENTH AMENDMENT**
**CONDITIONS OF CONFINEMENT**
**(Against Defendant Rambosk, in his Official Capacity)**

26. Plaintiff realleges and incorporates by reference paragraphs 1 through 25 as if fully set forth herein.

27. At all times material hereto, Plaintiff was a pretrial detainee, and his rights arose under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, not the Eighth Amendment.

28. The Fourteenth Amendment prohibits subjecting pretrial detainees to conditions of confinement that amount to punishment, including the maintenance of hazardous conditions posing an unreasonable and unnecessary risk of serious harm.

29. Upon information and belief, the leaking pipe and resulting standing water in Plaintiff's cell were the product of a policy, practice, or custom of the Collier County Sheriff's Office of inadequate inspection, maintenance, and repair of plumbing and other hazardous conditions at the Naples Jail Center, and/or a failure to train and supervise jail staff regarding the identification and remediation of such hazards.

30. In the alternative, the hazardous condition was allowed to persist as a result of deliberate indifference, by those with final policymaking authority over the facility, to a substantial and known or obvious risk of serious harm to detainees, including Plaintiff.

31. Such policy, practice, custom, and/or failure to train was the moving force behind, and the objectively unreasonable cause of, the hazardous condition that caused Plaintiff's fall and resulting injuries.

32. As a direct and proximate result of the foregoing, Plaintiff suffered the injuries and damages described above.

WHEREFORE, Plaintiff demands judgment against Defendant, Rambosk, in his official capacity, for compensatory damages, pre- and post-judgment interest, costs, reasonable attorneys'

fees pursuant to 42 U.S.C. § 1988, and such other and further relief as this Court deems just and proper.

**COUNT II**
**42 U.S.C. § 1983 — FOURTEENTH AMENDMENT**
**DELIBERATE INDIFFERENCE / UNREASONABLE DELAY IN RESPONDING TO A SERIOUS MEDICAL NEED**
**(Against the Doe Officers, in their Individual Capacities)**

33. Plaintiff realleges and incorporates by reference paragraphs 1 through 25 as if fully set forth herein.

34. Following his fall, Plaintiff sustained obvious and serious injuries, cried out for help, and repeatedly requested medical attention.

35. Plaintiff's visible distress and complaints of significant pain presented an obvious and serious medical need of which the Doe Officers were subjectively aware, or which was so obvious that the Doe Officers must have been aware of it.

36. Notwithstanding this awareness, the Doe Officers failed to respond promptly or to summon timely medical assistance, leaving Plaintiff injured and in pain on the floor of his cell for a period of time.

37. The Doe Officers' delay in responding to Plaintiff's obvious medical need was objectively unreasonable under the circumstances then and there existing and/or reflected deliberate indifference to a substantial risk of serious harm to Plaintiff.

38. As a direct and proximate result of the Doe Officers' conduct, Plaintiff's pain and suffering were needlessly prolonged, and he suffered the injuries and damages described above.

WHEREFORE, Plaintiff demands judgment against the Doe Officers, individually, for compensatory damages, punitive damages, pre- and post-judgment interest, costs, reasonable attorneys' fees pursuant to 42 U.S.C. § 1988, and such other and further relief as this Court deems just and proper.

**COUNT III**
**NEGLIGENCE — PREMISES LIABILITY**
**(Against Defendant Rambosk, in his Official Capacity)**

39. Plaintiff realleges and incorporates by reference paragraphs 1 through 25 as if fully set forth herein.

40. This is an action for damages that exceeds $75,000.00, exclusive of interest and costs.

41. At all times material hereto, Defendant, Rambosk, as Sheriff of Collier County and operator of the Naples Jail Center, owed a duty to Plaintiff, a lawfully housed pretrial detainee, to exercise reasonable care to maintain the premises in a reasonably safe condition and to timely discover, warn of, and remedy hazardous conditions.

42. Defendant Rambosk breached this duty by, among other things:

a. failing to reasonably inspect the plumbing and cell areas of the Naples Jail Center;

b. failing to timely repair the leaking pipe;

c. failing to warn Plaintiff of the accumulated water in his cell;

d. failing to remove or remediate the standing water within a reasonable time; and

e. otherwise failing to maintain the premises in a reasonably safe condition.

43. As a direct and proximate result of Defendant, Rambosk's negligence, Plaintiff slipped and fell, sustaining the injuries and damages described above.

44. Plaintiff has satisfied, or is exempt or excused from, the pre-suit notice requirements of Fla. Stat. § 768.28(6).

WHEREFORE, Plaintiff demands judgment against Defendant, Rambosk, in his official capacity, for compensatory damages, pre- and post-judgment interest, costs, and such other and further relief as this Court deems just and proper.

**COUNT IV**
**NEGLIGENCE — FAILURE TO MAINTAIN AND REPAIR COUNTY-OWNED BUILDING**
**(Against Defendant Collier County)**

45. Plaintiff realleges and incorporates by reference paragraphs 1 through 25 as if fully set forth herein.

46. This is an action for damages that exceeds $75,000.00, exclusive of interest and costs.

47. At all times material hereto, Defendant, COLLIER COUNTY ("the County"), a political subdivision of the State of Florida, was and is the owner of the building housing the Naples Jail Center located at 3347 Tamiami Trail E., Naples, Collier County, Florida 34112.

48. Under Florida law, while the Sheriff is responsible for the operation, staffing, and day-to-day supervision of the county jail, the repair and structural maintenance of the county building in which the jail is housed, including its plumbing systems remains the responsibility and nondelegable duty of the County, acting through its Board of County Commissioners.

49. The County thereby owed a duty to Plaintiff, a lawfully housed pretrial detainee, to exercise reasonable care in the repair and structural maintenance of the building, including its plumbing infrastructure, so as to keep it in a reasonably safe condition.

50. The County breached this duty by, among other things:

a. failing to reasonably maintain and repair the plumbing infrastructure serving Plaintiff's cell;

b. failing to timely respond to and correct a known or reasonably discoverable pipe leak within the building;

c. failing to implement a reasonable inspection or capital-maintenance program for the building's plumbing systems; and

d. otherwise failing to maintain the structural and mechanical systems of the building in a reasonably safe condition.

51. As a direct and proximate result of the County's negligence, the leaking pipe and resulting standing water were allowed to accumulate in Plaintiff's cell, causing Plaintiff to slip and fall and sustain the injuries and damages described above.

52. Plaintiff has satisfied, or is exempt or excused from, the pre-suit notice requirements of Fla. Stat. § 768.28(6) as to the County.

WHEREFORE, Plaintiff demands judgment against Defendant, Collier County for compensatory damages, pre- and post-judgment interest, costs, and such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable as a matter of right.

Dated: 9/12/2026

Respectfully submitted,

**CHARLES INJURY LAW**
4000 N. State Road 7, Suite 102
Lauderdale Lakes, Florida 33317
Telephone: (954) 390-2228
Facsimile: (954) 301-7700
E-Mail: steve@charleslegalpl.com

By: ***/s/ Steve Louis-Charles***
Steve Louis-Charles, Esq.
Florida Bar No.: 98666
Counsel for Plaintiff

**VELASQUEZ & ASSOCIATES, P.A.**
330 S.W. 27th Avenue, Suite 601
Miami, Florida 33135
Telephone: (786) 776-0130
Facsimile: (305) 230-4190
E-Mail: juan@jvelasquezlaw.com

By: ***/s/ Juan Velasquez***
Juan Velasquez, Esq.
Florida Bar No.: 84767
Co-Counsel for Plaintiff